B1 (Official Form 1) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**Southern District of New York**

**VOLUNTARY PETITION**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Amboy Bus Co., Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **None** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **11-2502369** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **7 North Street, Staten Island, New York** ZIP CODE **10302** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: **Bronx County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): **Same as above** ZIP CODE | Mailing Address of Joint Debtor (if different from street address): ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): **399 Exterior Street, Bronx, New York** ZIP CODE **10451** | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors) See Exhibit D on page 2 of this form.
- ☑ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** — THIS SPACE IS FOR COURT USE ONLY
- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ |

Estimated Liabilities
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |

B1 (Official Form 1) (04/13) Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Amboy Bus Co., Inc. |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: None | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: See attached Rider 1 | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)    (Date)

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13) — Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Amboy Bus Co., Inc. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X  *[signature]*
Signature of Attorney for Debtor(s)
Lisa G. Beckerman
Printed Name of Attorney for Debtor(s)
Akin Gump Strauss Hauer & Feld LLP
Firm Name
One Bryant Park
New York, New York 10036-6745
Address
(212) 872-1000
Telephone Number
11/4/2013
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States States Code, specified in this petition.

X  *[signature]*
Signature of Authorized Individual
David J. Carpenter
Printed Name of Authorized Individual
Chief Executive Officer
Title of Authorized Individual
11/4/2013
Date

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

## Rider 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case) (each a "*Debtor*" and collectively, the "*Debtors*") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. Concurrently with the chapter 11 filings, the Debtors are seeking joint administration of these cases, and a corresponding transfer of assignment of the cases to be jointly administered, under the case number and judge assigned to the chapter 11 case of Metro Affiliates, Inc.

1. 180 Jamaica Corp.
2. Amboy Bus Co., Inc.
3. Atlantic Escorts, Inc.
4. Atlantic Express Coachways, Inc.
5. Atlantic Express New England, Inc.
6. Atlantic Express of California, Inc.
7. Atlantic Express of Illinois, Inc.
8. Atlantic Express of LA, Inc.
9. Atlantic Express of Missouri, Inc.
10. Atlantic Express of New Jersey, Inc.
11. Atlantic Express of Pennsylvania, Inc.
12. Atlantic Express Transportation Corp.
13. Atlantic Queens Bus Corp.
14. Atlantic Paratrans of NYC, Inc.
15. Atlantic Paratrans, Inc.
16. Atlantic Transit, Corp.
17. Atlantic-Hudson, Inc.
18. Block 7932, Inc.
19. Brookfield Transit, Inc.
20. Courtesy Bus Co., Inc.
21. Fiore Bus Service, Inc.
22. Groom Transportation, Inc.
23. GVD Leasing, Inc.
24. James McCarty Limo Services, Inc.
25. Jersey Business Land Co. Inc.
26. K. Corr, Inc.
27. Merit Transportation Corp.
28. Metro Affiliates, Inc.
29. Metropolitan Escort Service, Inc.
30. Midway Leasing, Inc.
31. R. Fiore Bus Service, Inc.
32. Raybern Bus Service, Inc.
33. Raybern Capital Corp.
34. Raybern Equity Corp.
35. Robert L. McCarthy & Son, Inc.
36. Staten Island Bus, Inc.
37. Temporary Transit Service, Inc.
38. Atlantic Express of Upstate New York Inc.
39. Transcomm, Inc.
40. Winsale, Inc.

## OFFICER'S CERTIFICATE

The undersigned hereby certifies that he is the Chief Executive Officer of Metro Affiliates, Inc., a New York corporation, and certain of its affiliates[1] (collectively, the "Company"), and that, as such, he is authorized to execute and deliver this certificate in the name of and on behalf of the Company and represents, warrants, and further certifies in his official capacity, in the name of and on behalf of the Company, as follows:

Attached hereto as Exhibit 1 is a true, correct, and complete copy of certain resolutions duly adopted by the Board of Directors of the Company by unanimous oral consent, with an effective date of October 31, 2013. Such resolutions have not been amended, modified, revoked, or rescinded and are in full force and effect in the form adopted.

IN WITNESS WHEREOF, I have hereunto set my hand on this 4th day of November, 2013.

_____
Name: David J. Carpenter
Title:   Chief Executive Officer

---

[1] The affiliates include 180 Jamaica Corp.; Amboy Bus Co., Inc.; Atlantic Escorts, Inc.; Atlantic Express Coachways, Inc.; Atlantic Express New England, Inc.; Atlantic Express of California, Inc.; Atlantic Express of Illinois, Inc.; Atlantic Express of LA, Inc.; Atlantic Express of Missouri, Inc.; Atlantic Express of New Jersey, Inc.; Atlantic Express of Pennsylvania, Inc.; Atlantic Queens Bus Corp.; Atlantic Paratrans of NYC, Inc.; Atlantic Paratrans, Inc.; Atlantic Transit, Corp.; Atlantic-Hudson, Inc.; Block 7932, Inc.; Brookfield Transit, Inc.; Courtesy Bus Co., Inc.; Fiore Bus Service, Inc.; Groom Transportation, Inc.; GVD Leasing Co., Inc.; James McCarty Limo Services, Inc.; Jersey Business Land Co. Inc.; K. Corr, Inc.; Merit Transportation Corp.; Metropolitan Escort Service, Inc.; Midway Leasing, Inc.; R. Fiore Bus Service, Inc.; Raybern Bus Service, Inc.; Raybern Capital Corp.; Raybern Equity Corp.; Robert L. McCarthy & Son, Inc.; Staten Island Bus, Inc.; Temporary Transit Service, Inc.; Atlantic Express of Upstate New York Inc.; Transcomm, Inc.; and Winsale, Inc.

Exhibit 1

Resolutions Adopted by the Board of Directors
of the Company by Unanimous Oral Consent on
October 31, 2013

RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties and stakeholders (including, without limitation, the direct and indirect subsidiaries of the Company), that a petition be filed by the Company in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on or about November 4, 2013, commencing a reorganization (the "Reorganization") under chapter 11, seeking relief under the provisions of the Bankruptcy Code; and it is further

RESOLVED, that David Carpenter and Nathan Schlenker who are officers of the Company (the "Authorized Officers") are, and each of them hereby is, authorized and directed (and each of the following as applicable to the extent previously performed is hereby ratified and approved), in the name of the Company and on its behalf, to take such actions as any Authorized Officer may deem necessary or advisable; and it is further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and directed to employ the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as general bankruptcy counsel to represent and assist the Company and its subsidiaries in connection with the chapter 11 case and in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations, including filing any pleadings; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and/or immediately upon the filing of the Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Akin Gump; and it is further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and directed to employ the firm of Rothschild Inc. ("Rothschild") as investment banker and financial advisor to represent and assist the Company and its subsidiaries in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's and its subsidiaries' rights and obligations; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and/or immediately upon the filing of the Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Rothschild; and it is further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC ("KCC") as claims and noticing agent and administrative agent for the Company under a general retainer in the Chapter 11 Case; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and/or immediately upon the filing of the Company's chapter 11 case, and cause to be filed an appropriate

<200b><200b>

application for authority to retain the services of KCC; and further

RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized and directed, in the name of the Company and on its behalf, to seek such orders from the Bankruptcy Court, including, but not limited to, orders regarding the operation of the business of the Company and the financing thereof, as any of them may deem necessary, appropriate, or advisable during the pendency of the Reorganization, and, in connection therewith, to execute and file with the Bankruptcy Court such motions, applications, pleadings, certifications, affidavits, or other materials as any Authorized Officer may deem necessary, appropriate, or advisable and to retain all assistance from legal counsel, accountants, investment bankers, and other professionals, and to take any and all actions, that they, or any one of them, deem necessary, appropriate, or advisable in connection with the Reorganization; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Authorized Officers, or any one of them, to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Company's chapter 11 case, or any matter related thereto, be, and they hereby are, authorized, approved, ratified, and confirmed in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that the Authorized Officers are, and each of them hereby is, authorized, empowered, and directed, in the name of the Company and on its behalf, to do or cause to be done all such further acts and to execute, deliver, and seal all such other documents, agreements, instruments, undertakings, or certificates, and to pay all expenses, including filing fees, in each case as any such Authorized Officer may deem to be necessary or advisable to fully consummate the Reorganization and to carry into effect or implement the purpose and intent of the foregoing resolutions; and it is further

RESOLVED, that all acts, actions, and transactions previously taken by any director, officer, employee, or agent of the Company regarding or relating to the Reorganization or the subject matter of any and all of the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby authorized, ratified, approved, and confirmed in all respects.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| AMBOY BUS CO., INC., | Case No. 13-[_____] (___) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a petition in the Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately October 3, 2013. The Consolidated List is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 30 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| 1 | LOCAL 1181-1061, AMALGAMATED TRANSIT UNION, AFL-CIO | ATTN: RICHARD N. GILBERG MEYER, SUOZZI, ENGLISH & KLEIN, P.C. 1350 BROADWAY, STE 501 NEW YORK, NY 10018 P: 212-239-4999 F: 212-239-1311 | In excess of $13,114,226.68 | Employee Wages and Benefits | Contingent, Unliquidated, Disputed[1] |

---

[1] The amount of the claim held by Local 1181-1061, Amalgamated Transit Union, AFL-CIO is the subject of ongoing litigation, but the Debtors expect that, once liquidated, it may be among the Debtors' largest unsecured claims.

1

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| 2 | NEW YORK CITY BOARD OF EDUCATION | ATTN: ERIC GOLDSTEIN 44-36 VERNON BLVD, 6TH FL LONG ISLAND CITY, NY 11101 P: 718-707-4399 F: 718-472-0615 | $2,630,000.00 | Trade | Disputed |
| 3 | BELLMORE - MERRICK CHSD | ATTN: TOM VOLPE 1260 MEADOWBROOK RD N. MERRICK, NY 11566 P: 516-992-1024 F: 516-623-8911 | $1,618,610.31 | Trade | Contingent, Disputed |
| 4 | EMPIRE STATE TRANSPORTATION WORKERS COMPENSATION TRUST | ATTN: MICHAEL PAPO 328 STATE ST SCHENECTADY, NY 12305 P: 866-750-5157 F: 518-402-0113 | $1,502,172.52 | Insurance | Disputed |
| 5 | MERRICK - U.F.S.D. | ATTN: DEBI WATTS 21 BABYLON RD MERRICK, NY 11566 P: 516-992-7262 F: 516-378-3904 | $830,435.74 | Trade | Contingent, Disputed |
| 6 | BELLMORE - U.F.S.D. | ATTN: PATTI MINUTO & JOE HENDRICSON 580 WINTHROP AVE BELLMORE, NY 11710 P: 516-679-2907 F: 516-826-6214 | $353,636.92 | Trade | Contingent, Disputed |
| 7 | AXEL PROTECTION SYSTEMS, INC | ATTN: GEORGE LAWSON 90-24 161ST ST JAMAICA, NY 11432 P: 718-206-4800 F: 718-206-2977 | $273,134.07 | Trade | |
| 8 | LATHAM & WATKINS | ATTN: ROBERT ZUCCARO PO BOX 7247-8181 PHILADELPHIA, PA 19170-8181 P: 212-906-1200 F: 212-751-4864 | $255,195.90 | Professional | |
| 9 | SUPERIOR DISTRIBUTORS | ATTN: ANGIE 4 MIDLAND AVE ELMWOOD PARK, NJ 07407 P: 800-922-9490 F: 201-791-8129 | $237,058.07 | Trade | |

2

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| 10 | MARSH USA INC | ATTN: ED BASSO<br>16937 COLLECTIONS CENTER DR<br>CHICAGO, IL 60693<br>P: 212-345-6000<br>F: 212-345-4394 | $233,310.00 | Insurance | |
| 11 | BARNWELL HOUSE OF TIRES | ATTN: JUSTINE DEROGATOSIS<br>65 JETSON LANE<br>CENTRAL ISLIP, NY 11722<br>P: 631-737-8473<br>F: 631-737-7023 | $219,331.60 | Trade | |
| 12 | WOODARD & CURRAN | 709 WEST CHESTER AVE STE L2<br>WHITE PLAINS, NY 10604<br>P: 914-448-2266 | $203,773.73 | Professional | |
| 13 | GREENROAD TECHNOLOGIES, INC | ATTN: MIRYANA MORO<br>2290 NORTH FIRST ST. STE 204<br>SAN JOSE, CA 95131<br>P: 888-658-4420<br>F: 650-551-1539 | $191,771.22 | Trade | |
| 14 | MINTZ & GOLD | ATTN: JEFF POLLAK<br>470 PARK AVE SOUTH 10TH FL<br>NEW YORK, NY 10016<br>P: 212-696-4848<br>F: 212-696-1231 | $150,680.36 | Professional | |
| 15 | ATLANTIC COAST SURETY, INC | ATTN: DEB EZRA<br>ONE INTERNATIONAL BLVD STE 330<br>MAHWAH, NJ 07495<br>P: 201-661-2000<br>F: 201-661-7365 | $138,798.00 | Surety Bond | |
| 16 | BUS PARTS WAREHOUSE | ATTN: MARY BORKY<br>P.O. BOX 441<br>MANLIUS, NY 13104-0441<br>P: 800-635-5567<br>F: 315-682-4443 | $133,809.04 | Trade | |
| 17 | RIEGEL RESOURCES, LLC | ATTN: TOM INGLUT<br>715 CREEK RD<br>BELLMAWR, NJ 08031<br>P: 856-933-1940<br>F: 856-933-0330 | $118,447.53 | Trade | |
| 18 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | PO BOX 35657<br>NEWARK, NJ 07193-5657<br>P: 212-458-5000 | $114,929.60 | Insurance | |

3

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| 19 | MONDIAL AUTOMOTIVE, INC. | ATTN: SHOKY KALDAWY<br>PO BOX 560248<br>COLLEGE POINT, NY 11356-0248<br>P: 718-461-8208<br>F: 718-461-3644 | $106,546.66 | Trade | |
| 20 | TWO TWELVE DEGREES, LLC | PO BOX 653<br>VORHEES, NJ 08043<br>P: 856-772-5833 | $95,907.60 | Trade | |
| 21 | SARAD MARKETING | ATTN: MARTIN MENDELL<br>165 WILLIAMS AVE<br>BROOKLYN, NY 11207<br>P: 718-485-5003<br>F: 718-485 9580 | $84,839.80 | Trade | |
| 22 | NORTH EAST TRUCK PARTS | ATTN: SADIE BALGOBIND<br>122-48A MONTAUK ST<br>SPRINGFIELD GARDENS, NY 11413<br>P: 718-943-9616<br>F: 718-525-0940 | $76,357.26 | Trade | |
| 23 | AIRPORT FLEET MAINTENANCE | ATTN: DEORAJ BALGOBIN<br>122-48 MONTAUK ST<br>SPRINGFIELD GARDENS, NY 11413<br>P: 718-525-7193 | $73,778.49 | Trade | |
| 24 | KRISTAL AUTO MALL | 5200 KINGS HWAY<br>BROOKLYN, NY 11234<br>P: 718-253-7575 | $71,396.12 | Trade | |
| 25 | R.J. MCDONALD, INC. | P.O. BOX 638<br>71 WORCHESTER ROAD<br>BARRE, MA 01005 | $71,083.58 | Trade | |
| 26 | ABLE ENVIRONMENTAL SERVICES, INC. | ATTN: JOHN WADE<br>PO BOX 577<br>BOHEMIA, NY 11716<br>P: 631-567-6545<br>F: 631-567-9390 | $64,373.48 | Trade | |
| 27 | DONALD X. CLAVIN | ATTN: RECEIVER OF TAXES<br>200 N. FRANKLIN ST<br>UNIT D<br>HEMPSTEAD, NY 11550<br>P: 516-538-1500 | $63,514.74 | Taxes | |

4

| No. | Holder of Claim | Name of Person Familiar with Debtors' Account/Mailing Address/Phone Number/Fax Number | Amount of Claim | Nature of Claim | Contingent/ Unliquidated/ Disputed Claim |
|---|---|---|---|---|---|
| 28 | NORTHEAST BATTERY & ALTERNATOR | ATTN: DONNA<br>240 WASHINGTON ST<br>AUBURN, MA 01501<br>P: 508-832-2700<br>F: 508-832-9012 | $63,157.05 | Trade | |
| 29 | COMMERCIAL TRUCK TIRE CENTER | ATTN: CAROL<br>1264 UNION ST EXTENSION<br>WEST SPRINGFIELD, MA 01089<br>P: 413-733-8400 | $61,844.82 | Trade | |
| 30 | ABC COMPANIES | ATTN: TERRY FLEETWOOD<br>PO BOX 12203<br>FT. WAYNE, IN 46863-2203<br>P: 877-737-2221  Ext. 7110<br>F: 856-966-4688 | $61,663.03 | Trade | |

## DECLARATION CONCERNING CONSOLIDATED
## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

I, David J. Carpenter, the undersigned authorized officer of the debtor named in this case, declare under penalty of perjury that I have reviewed the foregoing Consolidated List of Creditors Holding 30 Largest Unsecured Claims and that the list is true and correct to the best of my knowledge, information and belief.

Dated: November __4__, 2013

By: _____
David J. Carpenter
Title: Chief Executive Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

AMBOY BUS CO., INC.,

        Debtor.

Chapter 11

Case No. 13-[_____]

### DECLARATION CONCERNING CONSOLIDATED LIST OF CREDITORS[1]

    The above-captioned debtor and its affiliated debtors (the "*Debtors*") intend to file a motion requesting a waiver of the requirement for filing a list of creditors in each of the Debtors' cases, pursuant to sections 105(a), 342(a), and 521(a)(1) of chapter 11 of title 11 of the United States Code, Rules 1007(a)(1) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure, Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York, and General Orders M-133, M-137, M-138, M-192 and M-409 of the United States Bankruptcy Court for the Southern District of New York. The Debtors propose to furnish a consolidated list of creditors to the proposed claims and noticing agent. The Debtors shall consult with and obtain the approval of the Clerk of this Court to implement the foregoing procedures.

    The consolidated list of creditors will contain only those creditors whose names and addresses were maintained in the Debtors' consolidated database or were otherwise ascertainable by the Debtors prior to the commencement of this case.

Dated: November __4__, 2013

By: _____
David J. Carpenter
Title: Chief Executive Officer

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

AMBOY BUS CO., INC.,

           Debtor.

Chapter 11

Case No. 13-[_____]

## LIST OF EQUITY SECURITY HOLDERS PURSUANT TO RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

| Equity Holders | Address | Equity Holding (%) |
|---|---|---|
| Atlantic Express Transportation Corp. | 7 North St, Staten Island, NY 10302 | 100% |

## DECLARATION CONCERNING LIST OF EQUITY SECURITY HOLDERS

I, the undersigned officer of the debtor named in this case, declare under penalty of perjury that I have reviewed the above "List of Equity Security Holders in Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure" and that it is true and correct to the best of my knowledge, information and belief.

Dated: November  4 , 2013

By: _____
David J. Carpenter
Title: Chief Executive Officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

AMBOY BUS CO., INC.,

Debtor.

Chapter 11

Case No. 13-[_____]

Joint Administration Requested

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York, above-captioned debtor and debtor in possession (the "*Debtor*") respectfully represents as follows:

1. Atlantic Express Transportation Corp. owns 100% of the equity interests of the Debtor.

2. The Debtor does not directly or indirectly own 10% or more of any class of equity interests in any corporation whose securities are publicly traded.

### DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT

I, David J. Carpenter, the undersigned officer of the debtor named in this case, declare under penalty of perjury that I have reviewed the "Corporate Ownership Statement Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure" and that it is true and correct to the best of my knowledge, information and belief.

Dated: November 4, 2013

By: David J. Carpenter
Title: Chief Executive Officer